[Cite as *State v. Jenkins*, 2017-Ohio-7755.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0202 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| DAVID R. JENKINS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:       Appellant's Application to Reopen
Appeal Under App.R. 26(B).

JUDGMENT:       Application Denied.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:       Atty. Timothy Young
Ohio Public Defender
Atty. Victoria Bader
Assistant State Public Defender
The Midland Building
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: September 21, 2017

PER CURIAM.

{¶1} Appellant David Jenkins has filed an application to reopen his appeal. He raises two related assignments of error arguing that his counsel was ineffective for failing to object to the mandatory juvenile transfer provisions. Appellant's arguments are predicated on *State v. Aalim,* __ Ohio St.3d __, 2016-Ohio-8278, __ N.E.3d __ ("*Aalim I*"). However, that case is no longer controlling law. This decision was vacated in *State v. Aalim*, __ Ohio St.3d __, 2017-Ohio-2956, __ N.E.3d __ ("*Aalim II*"). Accordingly, Appellant's application for reopening is denied.

Factual and Procedural History

{¶2} Appellant, a juvenile at the time of the offense, was indicted on one count of aggravated riot, a felony of the fourth degree in violation of R.C. 2917.02(A)(2), (C); one count of involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A), (C); one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11; one count of aggravated assault with a firearm specification attached, a felony of the fourth degree in violation of R.C. 2903.12 and R.C. 2903.12(A)(2), (B); and two counts of felony life murder. The charges stemmed from an incident where Appellant shot and killed another juvenile during a bar fight.

{¶3} On September 17, 2014, the state filed a motion to relinquish jurisdiction of the case pursuant to Juv.R. 29 and Juv.R. 30. On February 26, 2015, the juvenile court ruled that counts 1, 2, 3, and 5 required mandatory transfer to the common pleas court. While count 4 did not mandate transfer, Appellant waived an

amenability hearing and agreed to be bound over on that count as well. Appellant was 18 years old at the time.

{¶4} Appellant filed a timely appeal. His appellate counsel raised a sole assignment of error arguing that the trial court failed to adequately inform him of his right to compulsory process. We affirmed Appellant's conviction and sentence in *State v. Jenkins*, 7th Dist. No. 15 MA 202, 2016-Ohio-8563. On March 23, 2017, Appellant filed a timely application to reopen his appeal pursuant to App.R. 26(B).

Reopening

{¶5} Pursuant to App.R. 26(B)(1), a criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." An applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If the application is granted, the appellate court must appoint counsel to represent the applicant if the applicant is indigent and unrepresented. App.R. 26(B)(6)(a).

{¶6} In order to show ineffective assistance of appellate counsel, the applicant must meet the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to *Strickland*, the applicant must demonstrate deficient performance of counsel and resulting prejudice. *Id.* at 687. See also App.R. 26(B)(9).

{¶7} An application for reopening must contain "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not

considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). See also *State v. Clark*, 7th Dist. No. 08 MA 15, 2015-Ohio-2584, ¶ 19. Here, Appellant presents two assignments of error, both of which argue that the mandatory juvenile transfer provisions are unconstitutional and counsel was ineffective for failing to preserve the issue.

<u>First and Second Assignments of Error</u>

**{¶8}** Appellant argues that the mandatory transfer provisions create an irrebuttable presumption that a juvenile is equally morally capable as an adult who committed the same act. Appellant's arguments are based on *Aalim I, supra*, which held that the mandatory transfer of juveniles to the general division of common pleas court violate a juvenile's right to due process. *Id.* at ¶ 31.

**{¶9}** In response, the state argues that the Ohio Supreme Court stayed its decision in *Aalim I* pending reconsideration, so its holding was not currently in effect. Regardless, the state argues that Appellant pleaded guilty. Consequently, he waived his right to challenge the constitutionality of the mandatory transfer provisions.

**{¶10}** As noted by Appellant, the *Aalim I* Court held that "mandatory transfer of juveniles to the general division of common pleas court violates juveniles' right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution." *Id.* at ¶ 31. However, the Ohio Supreme Court granted the state's motion to reconsider and stay *Aalim I.* In *Aalim II*, the Ohio Supreme Court vacated *Aalim I* and held that the mandatory transfer of certain juvenile offenders does not violate due process or

equal protection*. Id.* at ¶ 38. As such, *Aalim I,* on which Appellant solely relies in this reopening, is not the controlling law. Accordingly, Appellant's application for reopening is denied.

Waite, J., concurs.

DeGenaro, J., concurs.

Robb, P.J., concurs.